Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2509 | **DATE** | 4/28/2011 |
| **CASE TITLE** | Eric Tyson vs. Social Security Administration, et al. | | |

**DOCKET ENTRY TEXT**

The Court denies plaintiff's motion to proceed *in forma pauperis* [# 4] because this action is legally frivolous as described below, and also denies his motion for appointment of counsel [# 5]. For the reasons described below, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2) because it is legally frivolous and because plaintiff has failed to state a claim upon which relief may be granted. The Clerk is directed to enter judgment dismissing this action.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Eric Tyson has filed a *pro se* lawsuit against the Social Security Administration (SSA), Circle Family Health Care Network (CFHCN), and the Illinois Department of Human Services (DHS). He alleges in his complaint and amended complaint that each of the defendants has violated his federal constitutional rights. He has also filed an application to proceed *in forma pauperis*, that is, without paying the usual filing fee. For this reason, the Court reviews Mr. Tyson's complaint to determine whether it is legally or factually frivolous and whether it fails to state a claim upon which relief may be granted.

It appears that Mr. Tyson receives benefits from SSA, though it is unclear whether this consists of old age benefits, disability benefits, or Supplemental Security Income (SSI). He alleges that SSA has sent all or some portion of his benefits to CFHCN without his consent, which he contends violates his right to due process. As best as the Court can make out, Mr. Tyson is challenging the determination to assign all or part of his benefits to what is called in social security law a "representative payee." His claims against the SSA are legally deficient because it is a federal government agency, and the government has not expressly waived its sovereign immunity. *See Ingram v. Comm'r of Social Security*, 401 Fed. Appx. 234, 235 (9th Cir. 2010). Even if Mr. Tyson somehow could bring a claim under the Federal Tort Claims Act, he has not exhausted the administrative prerequisites to bringing such a claim. *See* 28 U.S.C. § 2675(a); *McNeil v. United Statse*, 508 U.S. 106 (1993). In addition, Mr. Tyson cannot pursue a *Bivens* action relating to a social security benefits determination. *See Ingram*, 401 Fed. Appx. at 235. Finally, to the extent he intends to bring a claim under the Social Security Act, he has failed to exhaust administrative remedies as required before seeking judicial review of the agency's action. *See id.*; *see also* 42 U.S.C. § 405(g).

Mr. Tyson cannot maintain a claim against DHS, which is an arm of the government of the State of Illinois, because the State is immune from suit in federal court pursuant to the Eleventh Amendment to the United States Constitution. *See Ryan v. Illinois Dept. of Children and Family Servs.*, 185 F.3d 751, 758 (7th Cir.

| STATEMENT |
|---|
| 1999).<br><br>Finally, Mr. Tyson has alleged no proper basis for a federal constitutional law claim against CFHCN. As a private entity, CFHCN is not a state actor, as required for liability under 42 U.S.C. § 1983. *See, e.g., London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010).<br><br>For these reasons, the Court dismisses the case pursuant to 28 U.S.C. § 1915(e)(2) and directs the Clerk to enter judgment dismissing this action. |